UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SHANNON SQUIRES, Individually and as
Administrator of the Estate of Robert McCluskey,
                       Plaintiff

**COMPLAINT**
**DOCKET NO.**

v.

UNITED STATES OF AMERICA,
                       Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PRELIMINARY STATEMENT

This is an action brought pursuant to the Federal Tort Claims Act in which SHANNON SQUIRES seeks relief for the death of her father, Robert McCluskey, due to the medical negligence of agents and employees of the defendant UNITED STATES.

## JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1346(b) and 2671-80.

## VENUE

Venue is proper for the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391 (e).

## PARTIES

1. The plaintiff, SHANNON SQUIRES, is the daughter of the decedent, Robert McCluskey, and was appointed administrator of the estate of Robert McCluskey by the 10th New Hampshire Circuit Court – Probate Division on October 30, 2013.

2. The Department of Veterans Affairs is an agency of the United States of America. The UNITED STATES OF AMERICA, defendant herein, through its agency,

1

the Department of Veterans Affairs, at all times material, owned, operated and controlled the health care facilities known as the Manchester VA Medical Center, in Manchester, New Hampshire, and through its agency, the Department of Veterans Affairs, staffed said health care facilities with its officers, agents, servants, or employees.

3. At all relevant times, all persons involved in the medical and health care services provided to Robert McCluskey at the Manchester VA Medical Center in Manchester, New Hampshire, were officers, agents, servants, or employees of the Department of Veterans Affairs, the UNITED STATES OF AMERICA, or some agency thereof, and were at all relevant times, acting within the course and scope of such employment.

## JURISDICTIONAL PREREQUISITES

4. Pursuant to 28 U.S.C. §§ 2672 and 2675(a), plaintiff filed her claim with the defendant's agency, the Department of Veterans Affairs, on March 7, 2013. On August 30, 2013, defendant issued a denial of those claims. Less than six months have passed between the denial of plaintiff's claims and the filing of this Complaint. Accordingly, plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## FACTS

5. Plaintiff's decedent, Robert McCluskey (date of birth January 30, 1952), was a member of the United States armed forced for 23 years – 17 years in army active duty and 6 years in the reserves.

6. Mr. McCluskey had a multitude of medical issues, beginning most significantly in 1995 when he was diagnosed with Hepatitis C.

7. Beginning, during, or about 2006, Mr. McCluskey relied for treatment of multiple health problems on medical staff and employees at the Veterans Administration Medical Center in Manchester, New Hampshire.

8. On April 23, 2010, an abdominal ultrasound performed at the Manchester VA identified a 1.2 cm lesion in the liver. VA providers recognized that the lesion might be malignant, but failed to properly follow up or treat the condition.

9. On September 10, 2010, another abdominal ultrasound identified the liver mass which by that time had grown to 1.4 cm. VA providers reported at the time that "malignancy still cannot be excluded."

10. Around the same time, Mr. McCluskey's liver function lab tests reported a significant decline.

11. Mr. McCluskey's overall health continued to decline. His weight increased significantly. His hemoglobin and hematocrit levels were significantly below the normal range. An abdominal CT scan done on March 18, 2011, again noted the possible liver malignancy, but VA providers failed to properly follow up or treat the condition.

12. Mr. McCluskey was admitted to Catholic Medical Center on February 25, 2012, with decompensating liver disease. The CMC providers recognized what the Manchester VA had ignored; that is, that Mr. McCluskey was suffering from hepatocellular carcinoma. By that time, the mass had grown to 4.7 x 5.1 cm.

13. Oncology evaluations determined Mr. McCluskey was no longer a candidate for a life-saving transplant.

14. Robert McCluskey died on December 12, 2012.

## CAUSE OF ACTION

15.     VA providers knew from the beginning of their care of Mr. McCluskey that he suffered from Hepatitis C and cirrhosis, conditions that together strongly indicate that a patient will develop hepatocellular cancer.  By April 23, 2010, health care providers had every reason to recognize that plaintiff's decedent, Robert McCluskey, was suffering from chronic liver disease likely to develop into deadly hepatocellular carcinoma unless proper and aggressive treatment was undertaken.

16.     Defendant's failure to properly evaluate and treat the findings on and after April 23, 2010, resulted in delay in diagnosis until the disease was untreatable.  When the diagnosis was finally made, the disease had reached Stage IV.  Mr. McCluskey by that time has no chance to survive.

17.     Had Mr. McCluskey's tumor been timely diagnosed and treated, the result would more likely than not have been different.

18.     Defendant was negligent in one or more of the following ways:

   a. Defendant failed to timely and properly care for Robert McCluskey;

   b. Defendant failed to timely and properly evaluate Robert McCluskey;

   c. Defendant failed to timely and properly treat Robert McCluskey;

   d. Defendant failed to timely and properly diagnose Robert McCluskey;

   e. Defendant failed to timely and properly provide follow-up testing for Robert McCluskey;

## **DAMAGES**

19. As a result of the negligence of the UNITED STATES OF AMERICA employee health care providers, Shannon Squires on behalf of plaintiff, the ESTATE OF ROBERT McCLUSKEY has sustained damages and injuries including, but not limited to:

    1. Loss of life;

    2. Loss of enjoyment of life;

    3. Past conscious physical pain and suffering;

    4. Past conscious mental anguish;

    5. Funeral and burial expenses;

    6. Past medical, attendant and health care expenses;

    7. Past and future lost earnings and earning capacity;

    8. Past and future loss of income and benefits;

    9. Pecuniary damages; and

    10. All wrongful death and survival actions cognizable under the law.

20. In addition, Shannon Squires, on behalf of the ESTATE OF ROBERT McCLUSKEY, seeks recovery of all other damages pursuant to the applicable state and federal law(s).

21. As the beneficiary of the will of Robert McCluskey, Shannon Squires, individually has incurred damages including, but not limited to, the following:

    1. Loss of consortium;

    2. Past and future mental anguish;

    3. Pecuniary damages; and

    4. All wrongful death and survival actions cognizable under the law.

22. The beneficiaries of the will of Robert McCluskey seek recovery of all other damages to which they are entitled pursuant to the applicable state and federal law(s).

23.     Plaintiff seeks judgment against the defendant, for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all court costs incurred in this litigation and for such other and further relief, at law and in equity, both general and special, to which plaintiff may show herself entitled and to which the Court believes them deserving.

Date: December 4, 2013
Manchester, New Hampshire        /s/ Lawrence A. Vogelman
                                 Lawrence A. Vogelman #10280
                                 Nixon, Vogelman, Barry, Slawsky & Simoneau
                                 77 Central Street
                                 Manchester, NH 03101
                                 (603)669-7070

                                 Attorneys for the Plaintiff,

                                 SHANNON SQUIRES, INDIVIDUALLY AND
                                 AS ADMINISTRATOR OF THE ESTATE OF
                                 ROBERT McCLUSKEY